FILED
MAY - 1 2024
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) INDICTMENT |
| Plaintiff, | ) |
| | ) **1:24 CR 00151** |
| v. | ) CASE NO. |
| | ) Title 18, United States Code, |
| YUE CAO, | ) Sections 1344, 1028A(a)(1), and |
| | ) 1957 |
| Defendant. | ) |
| | ) **JUDGE CALABRESE** |

GENERAL ALLEGATIONS

At all times relevant to this Indictment, unless otherwise specified:

Defendant, the Victims, and the Relevant Financial Institutions

1. Defendant YUE CAO resided in or around Winfield, Illinois.

2. From on or about June 22, 2015, to on or about June 24, 2022, Defendant was employed by Bank 1 as a quantitative modeling analyst, with access to substantial customer and client information, including account information. Defendant was a fully remote employee who worked from his residence.

3. Bank 1 was a federally insured financial institution based in or around Cleveland, Ohio, in the Northern District of Ohio. Victims 1 through 5 owned and controlled bank accounts at Bank 1, including the following:

    a. Victim 1's savings account ending in x6394;

    b. Victim 2's checking accounts ending in x0427 and x0221;

    c. Victim 3's savings account ending in x0116;

    d. Victim 4's checking account ending in x6301; and

  e. Victim 5's checking account ending in x4952.

 4. Bank 2 was a financial institution based in or around Westlake, Texas. Defendant owned and controlled a Bank 2 checking account ending in x6395, held in his own name.

 5. Bank 3 was a financial institution based in or around New York, New York. Defendant opened in Victim 2's name and then controlled a Bank 3 savings account ending in x5730.

 6. Bank 4 was a financial institution based in or around Riverwoods, Illinois. Defendant opened in Victim 3's name and then controlled a Bank 4 certificate of deposit account ending in x0124.

 7. Bank 5 was a financial institution based in or around New York, New York. Defendant owned Bank 5 credit card accounts ending in x8289 and x9997, held in his own name.

 8. Brokerage 1 was a financial institution based in or around Chicago, Illinois. Defendant opened in Victim 5's name and then controlled a Brokerage 1 brokerage account ending in x7315.

 9. Victims 1, 2, 3, and 5 were each at least 60 years old, and so each was an "elder" as defined in Title 42, United States Code, Section 1397j.

 10. Victim 4 was deceased, having passed away in or around March 2020.

COUNTS 1-11
(Bank Fraud, 18 U.S.C. § 1344)

The Grand Jury charges:

 11. The factual allegations contained in paragraphs 1 through 10 are realleged and incorporated by reference as if fully set forth herein.

## The Scheme to Defraud

12. Between in or around May 2022 and in or around April 2023, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant YUE CAO devised, and intended to devise, a scheme and artifice to obtain any of the moneys, funds, credits, and other property owned by, and under the custody and control of, a financial institution, by means of false or fraudulent pretenses, representations, and promises, as set forth below.

## Purpose of the Scheme

13. The purpose of the scheme was for Defendant to unlawfully enrich himself and others by: (a) conducting unauthorized bank transfers of funds from victims' accounts at Bank 1 to other bank accounts controlled by Defendant; and (b) diverting proceed of those unauthorized transfers for the Defendant's personal use and for the use and benefit of others.

## Manner and Means of the Scheme

14. The manner and means by which Defendant carried out the scheme included, but were not limited to, the following:

    a. Defendant used his position at Bank 1 to review personally identifying information ("PII") and account information for Bank 1's customers and their accounts, selecting as identity theft victims (the "Victims") Bank 1 customers who had not enrolled in online banking services, primarily targeting elderly customers.

    b. Defendant, without Victims' knowledge, created email addresses in the names of Victims that he controlled (the "Fraudulent Email Accounts").

    c. Defendant enrolled Victims in online banking without their knowledge and associated the online banking accounts with Fraudulent Email Accounts, allowing Defendant to

3

access Victims' accounts at Bank 1 while causing Bank 1 to notify him, rather than the Victims, of actions he took using his access to their accounts.

    d.  Using PII for Victims accessed through his Bank 1 position, Defendant impersonated Victims without their knowledge and opened bank accounts and brokerage accounts in the names of Victims at Bank 1 and other financial institutions (the "Unauthorized Accounts"), which Defendant controlled and operated without their knowledge.

    e.  Defendant, using his control of Victims' accounts and the Unauthorized Accounts opened in their names, initiated, attempted to initiate, and caused to be initiated numerous unauthorized online transfers totaling at least $2.1 million from Victims' Bank 1 accounts to the Unauthorized Accounts and to Defendant's own bank accounts, credit card accounts, and brokerage accounts.

    f.  Throughout the scheme, Defendant used Victims' PII, including their means of identification, in order to effectuate numerous steps in the scheme.

Execution of the Scheme

  15.  On or about the dates listed below, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant YUE CAO knowingly executed and attempted to execute a scheme and artifice to obtain moneys, funds, credits, and other property owned by and under the custody and control of Bank 1, a federally insured financial institution, by means of false and fraudulent pretenses, representations, and promises, as described above, by initiating each of the following transfers of approximately the following amounts of funds belonging to Victims, from the following Victims' Bank 1 accounts, to the following accounts controlled by Defendant, each transfer constituting a separate count of this Indictment.

| Count | Date | Amount | Originating Bank 1 Account | Recipient Account |
|---|---|---|---|---|
| 1 | January 6, 2023 | $5,000 | Victim 1's account x6394 | Defendant's Bank 2 checking account x6395 |
| 2 | February 3, 2023 | $50,000 | Victim 1's account x6394 | Defendant's Bank 2 checking account x6395 |
| 3 | May 12, 2022 | $250,000 | Victim 2's account x0427 | The Bank 3 Unauthorized Account x5730 in Victim 2's name |
| 4 | May 12, 2022 | $142,008.53 | Victim 2's account x0221 | The Bank 3 Unauthorized Account x5730 in Victim 2's name |
| 5 | May 13, 2022 | $67,807.47 | Victim 2's account x0427 | The Bank 3 Unauthorized Account x5730 in Victim 2's name |
| 6 | July 19, 2022 | $100,000 | Victim 3's account x0116 | The Bank 4 certificate of deposit Unauthorized Account x0124 in Victim 3's name |
| 7 | November 30, 2022 | $2,352.51 | Victim 4's account x6301 | Defendant's Bank 5 credit card account x8289 |
| 8 | December 1, 2022 | $3,059.55 | Victim 4's account x6301 | Defendant's Bank 5 credit card account x9997 |
| 9 | June 23, 2022 | $10,000 | Victim 5's account x4952 | The Brokerage 1 Unauthorized Account x7315 in Victim 5's name |
| 10 | July 11, 2022 | $10,000 | Victim 5's account x4952 | The Brokerage 1 Unauthorized Account x7315 in Victim 5's name |
| 11 | July 28, 2022 | $10,000 | Victim 5's account x4952 | The Brokerage 1 Unauthorized Account x7315 in Victim 5's name |

All in violation of Title 18, United State Code, Section 1344(2).

COUNTS 12-16
(Aggravated Identity Theft, 18 U.S.C. § 1028A(a)(1))

The Grand Jury further charges:

16. The factual allegations contained in Counts 2, 3, 6, 7, and 9 are realleged and incorporated by reference as if fully set forth herein.

17. On or about the dates listed below, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant YUE CAO knowingly transferred, possessed and used, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is: Bank Fraud, in violation of Title 18, United States Code, Section 1344, knowing that the means of identification belonged to another actual person, to wit: Defendant transferred, possessed and used the names, account numbers, online banking usernames and passwords, and other personal identifying information of the Victims identified below, during and in relation to the following executions of the bank fraud scheme, each constituting a separate count of this Indictment:

| Count | Date | Victim | Execution of Bank Fraud Scheme |
|---|---|---|---|
| 12 | February 3, 2023 | Victim 1 | Count 2, as charged in this Indictment |
| 13 | May 12, 2022 | Victim 2 | Count 3, as charged in this Indictment |
| 14 | July 19, 2022 | Victim 3 | Count 6, as charged in this Indictment |
| 15 | November 30, 2022 | Victim 4 | Count 7, as charged in this Indictment |
| 16 | June 23, 2022 | Victim 5 | Count 9, as charged in this Indictment |

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT 17
(Engaging in Monetary Transactions in Criminally Derived Property, 18 U.S.C. § 1957)

The Grand Jury further charges:

18. The factual allegations of Counts 1 through 11 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

19. On or about February 9, 2023, in Northern District of Ohio, Eastern Division, and elsewhere, Defendant YUE CAO did knowingly engage and attempt to engage in a monetary transaction by through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, a transfer of funds, such property having been derived from a specified unlawful activity, that is, Bank Fraud, in violation of Title 18, United States Code, Section 1344, to wit: Defendant, after transferring Victim funds to Defendant's Bank 2 checking account, transferred $50,000 from Defendant's Bank 2 checking account to Defendant's Bank 2 brokerage account.

All in violation of Title 18, United States Code, Section 1957

## FORFEITURE

The Grand Jury further charges:

20. The allegations of Counts 1 through 11 and Count 17 are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 982(a)(1) and (a)(2). As a result of the foregoing offenses, Defendant YUE CAO shall forfeit to the United States all property constituting, or derived from, proceeds obtained directly or indirectly as a result of the violations charged in counts 1 through 11; and all property involved in the violation of Count 17, and any property traceable to such property, including, but not limited to, the following:

   a.   All contents of Barclays Savings Account No. 130007065730; and

      b.      All contents of Discover Retail Certificate of Deposit (CD) 7037730124.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.